UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG SHERMAN and
MARLA SHERMAN,

    Plaintiffs,

vs.                                                           Case No. 17-10433

AUSTIN RITTER,                                HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM
(Doc. 12)**[1]

I.  Introduction

This is a case under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125 with a pendent state law claim.  Plaintiffs Craig Sherman and Marla Sherman are suing defendant Austin Ritter.  Defendant filed an Answer and Counterclaim alleging that the lawsuit is frivolous and constitutes an abuse of process.

Before the Court is plaintiffs' motion to dismiss the counterclaim on the grounds that it fails to state a plausible claim for relief.  For the reasons that follow, the motion will be granted.

II.  Background

Plaintiffs allege that defendant established fraudulent websites misusing their names.  Specifically, the complaint alleges that defendant established websites at

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

www.craigsherman.com and www.mariasilamianos.com and used them to direct visitors to a twenty-year old press release discussing crimes alleged against members of plaintiff Craig Sherman's family.  The complaint further alleges that the content on the websites was designed to appear as though the allegations against members of Craig Sherman's family were recent and breaking news but in reality the allegations were twenty years old.  Plaintiffs also allege that defendant has sent harassing and misleading emails and other communications to plaintiffs' business contacts.

Defendant filed an answer and counterclaim.  The counterclaim alleges the following:

> The defendant has the following claim against the plaintiff ...
>
> Frivolous litigation and abuse of process.  The plaintiffs knew their complaint is manifestly insufficient, and have intentionally filed a frivolous lawsuit based on false allegations in the wrong venue with the intern to hurt, disrupt and cause psychological injury to the defendant.

(Doc. 11 at p. 10).

### III.  Legal Standard

Under Rule 12(b)(6) a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Id. Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.  Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Fed. R. Civ. P. 12(b)(6).  The Court need not accept as true "legal conclusions or unwarranted factual inferences." In Re Packaged Ice Antitrust Litig., 723

F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)).

IV. Discussion

As an initial matter, the Court arguably could grant plaintiffs' motion because defendant did not file a response[2] on the grounds that defendant has waived opposition to the motion. See Resnick v. Patton, 2007 WL 4532815, at * 1 n. 1 (6th Cir. 2007) (non-movant deemed to have waived opposition to motion to dismiss for failure to file a response). However, the Court declines to grant plaintiffs' motion simply because defendant failed to respond to it. Rather, the motion will be considered on the merits.

Accepting all of the allegations of the counterclaim as true and construing the Counterclaim in a light most favorable to defendant, the counterclaim fails to state a claim upon which relief can be granted. "Abuse of process is the wrongful use of the process of a court." Spear v. Pendill, 164 Mich. 620, 623 (1911). An abuse of process claim requires a party to plead and prove: (1) "an ulterior purpose"; and (2) "an act in the use of process which is improper in the regular prosecution of the proceeding." Id. A claim asserting nothing more than an improper motive in properly obtaining process does not successfully plead an abuse of process. Young v. Motor City Apartments Ltd. Dividend Housing Ass'n No 1 & No 2, 133 Mich. App 671, 681 (1984); Dalley v. Dykema Gosset, 287 Mich. App 296, 322 679 (2010).

Here, the sole basis of the counterclaim is the allegation that plaintiffs' lawsuit is

---

[2]The motion was filed on May 16, 2016. Under the local rules, a response was due within 21 days of service. At a status conference on June 8, 2017, defendant was given until June 30 to file a response. That date has passed and no response has been filed.

frivolous. However, filing a lawsuit is not sufficient to support an abuse of process claim. As the Michigan Court of Appeals explained, "the mere institution of a lawsuit is not enough to create a cause of action for abuse of process." Peisner v. Detroit Free Press, 68 Mich. App. 360, 367 (1976), (citing Spear, supra). As such, defendant's counterclaim cannot stand.

V. Conclusion

For the reasons stated above, plaintiffs' motion is GRANTED. Defendant's counterclaim is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2017
Detroit, Michigan